UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN ELECTRICAL EMPLOYEES'
PENSION FUND, et al,

        Plaintiffs,                        Case No. 5:03-CV-170

v                                          Hon. Wendell A. Miles

SCHOEN ELECTRIC, INC.,

        Defendant.
_____/

**ORDER ADJUDGING DAVID W. SCHOEN IN CONTEMPT OF COURT
AND ESTABLISHING PROCEDURE FOR ISSUANCE OF BENCH WARRANT**

        This matter having come on to be heard upon application of Barbara A. Patek, one of the attorneys for Plaintiffs, for order to show cause why David W. Schoen should not be held in contempt of court for his failure to comply with this court's Second Order for Examination of Judgment Debtor and Restraining Transfer of Certain Property Supplementary to Judgment entered on July 26, 2005 (copy attached as Exhibit A and incorporated herein), which required, *inter alia,* the appearance of David W. Schoen for purposes of a judgment debtor examination and production of certain books and records, a hearing to show cause why this court's order for contempt should not be entered having been scheduled for November 1, 2005, David W. Schoen having receipted notice of hearing as appears from the proof of service filed with this court, a hearing having been conducted by the Magistrate Judge, and the court having considered, the Report and Recommendation as the opinion of the court, and being otherwise fully advised in the

1

premises and finding good cause for entry of this order,

NOW, THEREFORE,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the court.

2. David W. Schoen is adjudged in contempt of this court for his failure to comply with this court's order of July 26, 2005 by failing to appear for a judgment debtor examination and failing to produce certain books and records.

3. David W. Schoen may purge himself of contempt by completing both of the following:

   i. Contacting Plaintiffs' counsel, Barbara A. Patek, by telephone (248/827-4100 (within five (5) business days from the date of Plaintiffs' service of this Order by first class mail as set forth in paragraph 4 below) to promptly arrange for a judgment debtor examination to be conducted as the law offices of Erman, Teicher, Miller, Zucker and Freedman, PC, 400 Galleria Officentre, Suite 444, Southfield, Michigan, 48034;

   ii. Appear at said examination, and produce all books and records as set forth in the Order for Examination of Judgment Debtor of July 26, 2005.

4. In light of Mr. Schoen's filing of personal bankruptcy, notice of which was received by plaintiffs' counsel late on October 31, 2005, an award of costs is deferred without prejudice to plaintiffs' right to seek costs at a later date, pending Mr. Schoen's compliance with the remaining terms of this order.

5. In the event David W. Schoen fails to purge himself of contempt by complying with the provisions of paragraphs 2(i-ii) above, and upon the filing by Plaintiffs of an affidavit of such non-compliance, this court shall, without further hearing, issue its bench warrant for the immediate arrest of David W. Schoen and his immediate appearance before this court.

6. A copy of this Order shall be served upon David W. Schoen by mailing the same, via first class mail, to 4733 North Thomas Road, Freeland, MI, 48623, and service by the foregoing means shall be complete upon mailing.

Dated: **December 8, 2005**         /s/ **Wendell A. Miles**
                                    Wendell A. Miles
                                    Senior U.S. District Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN ELECTRICAL EMPLOYEES' PENSION
FUND, MICHIGAN ELECTRICAL EMPLOYEES
HEALTH PLAN, NATIONAL ELECTRICAL BENEFIT
FUND, NATIONAL ELECTRICAL ANNUITY FUND,
SAGINAW ELECTRICAL JOINT APPRENTICESHIP
AND TRAINING COMMITTEE TRUST, SAGINAW
LABOR-MANAGEMENT COOPERATION FUND,      Case No. 5:03CV0170
BAY CITY ELECTRICAL JOINT APPRENTICESHIP  Hon. Wendell A. Miles
AND TRAINING COMMITTEE TRUST, and BAY
CITY LABOR-MANAGEMENT COOPERATION FUND,

   Plaintiffs,
v

SCHOEN ELECTRIC, INC.,

   Defendant.
_____/

SECOND ORDER FOR EXAMINATION OF JUDGMENT
DEBTOR AND RESTRAINING TRANSFER OF CERTAIN
<u>PROPERTY SUPPLEMENTARY TO JUDGMENT</u>

<u>David W. Schoen</u>

THIS MATTER having come before the Court on Plaintiffs' Motion for Examination of Judgment Debtor and Restraining Transfer of Certain Property Supplementary to Judgment, and said Motion having been duly filed along with a supporting Affidavit and Brief, and the Court having reviewed the same and having issued an Order on June 7, 2005, and being advised that Plaintiffs were unable to effect service of process upon David W. Schoen prior to the originally scheduled examination date, and the Court being otherwise fully advised in the premises,

NOW THEREFORE, upon motion of Erman, Teicher, Miller, Zucker & Freedman, P.C., attorneys for Plaintiffs,

IT IS ORDERED that David W. Schoen, officer and director of defendant corporation, whose address is 4733 North Thomas Rd., Freeland, Michigan 48623, appear at the law offices of Erman, Teicher, Miller, Zucker & Freedman, P.C., 400 Galleria Officentre, Suite 444, Southfield, Michigan 48034, on **Tuesday, September 6, 2005 at 10:30 a.m.** to be examined under oath concerning the income, property, or other means of satisfying the Judgment entered herein against the corporation on February 23, 2004.

IT IS FURTHER ORDERED that said person shall bring with him the following books, records and papers in his possession, custody or control:

1. All checkbooks, check registers, check stubs, cancelled checks, bank statements and other documents whatsoever relating to any deposit, savings, passbook or like account maintained with a bank, savings and loan association, credit union or like organization, in which said defendant has or has had any interest, at any time during the three (3) years immediately preceding the date hereof, or date of cessation of business, whichever is earlier;

2. Copies of all returns, schedules and forms filed by or on behalf of defendant with the Internal Revenue Service, State of Michigan and any municipal governments, relating to any income received, property owned, business activities, sales or intangibles tax, of defendant at any and all times during the period of three (3) years immediately preceding the date hereof or date of cessation of business, whichever is earlier.

3. All books of account and accounts receivable ledgers.

4. List of assets and liabilities.

5. All contracts of purchase, sale, bills of sale, certificates of title and deeds, and all other evidences of title or instruments of whatsoever kind or nature, relating to the purchase, sale or ownership of any property, real or personal, or any interest therein, purchased, sold or owned by

or on behalf of defendant at any time during the five (5) years immediately preceding the date hereof or date of cessation of business, whichever is earlier.

6. Copies of all profit and loss statements and balance sheets relating to the affairs of defendant prepared by, or on behalf of, said defendant during the period of three (3) years immediately preceding the date hereof or date of cessation of business, whichever is earlier.

IT IS FURTHER ORDERED that said corporation and its officers and directors are restrained from transferring or disposing of any property of the corporation, whether now owned or hereafter acquired, or becoming due to the corporation, until further order of this Court. This order does not apply to property exempt by law from application to the satisfaction of the judgment.

DATED: July 26, 2005          /s/ Wendell A. Miles
                              U. S. DISTRICT COURT JUDGE

F:\funds\schoen electric\2nd jde order.doc